AB:PP
2018R02311

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ x

UNITED STATES OF AMERICA

     - against -

JIAN RU SHI,

             Defendant.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ x

COMPLAINT

(18 U.S.C. § 2320(a)(1))

19-M-420

EASTERN DISTRICT OF NEW YORK, SS:

       MARK COZINE, being duly sworn, deposes and states that he is a Special

Agent with Department of Homeland Security, Homeland Security Investigations ("HSI"),

duly appointed according to law and acting as such.

       From at least in or about November 2018, up to and including in or about May

2019, in the Eastern District of New York and elsewhere, JIAN RU SHI, together with

others, did knowingly and intentionally traffic in goods, to wit: belts, watches, bracelets, and

handbags, and knowingly used a counterfeit mark on and in connection with such goods.

       (Title 18, United States Code, Section 2320(a)(1))

       The source of your deponent's information and the grounds for his beliefs are

as follows:[1]

---

    [1]     Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1.     I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI") and have been since 2003.  Prior to that, I was an Agent with the Immigration and Naturalization Service beginning in 1991.  I have participated in numerous investigations involving counterfeit merchandise, and have participated in all aspects of investigations, including conducting surveillance, executing search warrants, debriefing defendants and informants, interviewing witnesses, and reviewing and analyzing documents.  I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, and from reports of other law enforcement officers involved in the investigation.  Unless specifically indicated, all conversations and statements described in this affidavit are related in sum and substance and in part only.

2.     HSI has been conducting an investigation since May 2018 into the trafficking of counterfeit merchandise from China into the United States.  It has been revealed that multiple drivers of a common carrier (the "Common Carrier") operating from a hub adjacent to JFK International Airport are involved in the deliberate misdirection of international express consignment packages of counterfeit merchandise that are fraudulently entered into the commerce of the United States.  These packages are generally manifested to non-existent addresses and generally fraudulently manifested as to the contents of the items inside the packages.  The drivers of the Common Carrier receive text messages from the defendant, JIAN RU SHI, of tracking numbers for the boxes that the drivers should take on their route, and then deliver the packages to the defendant at an address that is not on the shipping label.  The defendant, sometimes along with a co-conspirator, then loads the boxes of counterfeit goods either into his vehicle or into a facility with storage lockers.  The drivers

of the Common Carrier are paid a small fee for each package they deliver to the non-manifested address.

       3.      On numerous occasions since November 2018, HSI has surveilled deliveries of counterfeit merchandise to the defendant JIAN RU SHI.  As explained in the examples below, HSI regularly opened some of the packages during a customs search at the functional equivalent of the border, and on nearly every occasion, the packages that were selected for inspection and ultimate delivery contained counterfeit trademarks from a variety of high end brands.  The labels on these parcels did not accurately list the contents of it or the consignee, and generally the addresses on the labels are non-existent.

       4.      In addition, on numerous occasions, HSI seized shipments of parcels that it believed were destined to SHI based on his providing the tracking numbers of those parcels to a driver of the Common Carrier.

       5.      I understand that the merchandise that has been shipped to SHI contains counterfeit trademarks because:  (1) on more than occasion, law enforcement agents, upon inspection of the packages that were ultimately delivered to SHI, have covertly removed samples of the products and have received affidavits from representatives of the trademark holders that the items did not contain legitimate trademarks and were counterfeit; (2) on other occasions, law enforcement agents seized shipments that were destined to SHI based on his providing the tracking numbers of those parcels to a driver of the Common Carrier, and, on those occasions, samples of the products were examined by either a representative of the trademark holder or a Customs and Border Protection specialist, and it was determined that they contained counterfeit trademarks.  In addition, based on my training and experience,

genuine trademark goods are not usually shipped from China to the United States with false manifests and delivered to non-existent addresses as described below.

6.      On November 30, 2018, thirty packages from China were opened during a customs search at the functional equivalent of the border, and except for one package, all the other packages contained either watches, jewelry, clothing, handbags, or other items that contained counterfeit trademarks.  A driver of the Common Carrier delivered the packages to the defendant JIAN RU SHI and a co-conspirator.  The delivery took place at one location, and this location was not the location on the manifests for the boxes.  After SHI received the packages, law enforcement maintained surveillance on SHI and conducted a car stop.  The defendant presented a driver's license identifying himself as JIAN RU SHI.

7.      As another example, on December 6, 2018, a customs search at the functional equivalent of the border was conducted of nine boxes. The boxes contained watches, handbags or belts with counterfeit trademarks.  The boxes were then resealed so they could be delivered.  The driver of the Common Carrier then proceeded to a location in Queens arranged via text messages between the driver and the defendant SHI, and law enforcement observed the driver deliver the nine packages to SHI.  This location was not the location on the manifests for the boxes.

8.      On January 30, 2019, forty-one parcels of merchandise were delivered to the defendant SHI by a driver of the Common Carrier.  A customs search at the functional equivalent of the border was conducted of the boxes.  Law enforcement personnel opened two of the packages, and they contained bracelets with counterfeit trademarks.  Instead of delivering the items to the addresses listed on the manifests, SHI directed the driver to a

storage facility. Law enforcement observed SHI and the driver remove the packages from the Common Carrier van to the loading dock, and the driver was paid $450.

9. As another example, on April 30, 2019, SHI directed a driver of the Common Carrier to deliver twenty-five parcels directly to the loading dock of the same storage facility. Agents conducted a customs search at the functional equivalent of the border of two of the boxes, and they contained belts and bracelets with counterfeit trademarks. The boxes were then resealed so they could be delivered. The driver then proceeded to the storage facility. Law enforcement observed SHI load some of the packages into the storage facility and load some of the packages into his vehicle.

10. I have reviewed text messages between SHI and two drivers of the Common Carrier. In all of the examples described above, SHI directs the driver as to which tracking numbers to deliver to a particular non-manifested address. As discussed above, I, along with other law enforcement agents, then personally surveilled the deliveries, and I witnessed SHI receiving packages that contained counterfeit merchandise.

11. On May 2, 2019, the Honorable Steven M. Gold signed a search and seizure warrant, authorizing law enforcement agents to search a storage locker rented by SHI at the storage facility described above as well as SHI's vehicle.

12. On May 3, 2019, a driver of a Common Carrier made a delivery in the vicinity of 4704 204th Street, Queens, New York. The driver of the Common Carrier arranged to meet SHI on the side of the road. The driver provided SHI with five packages. The packages contained counterfeit t-shirts, watches and belts from a number of name-brand designers. SHI received the packages from the driver and put them in his vehicle.

13.     Law enforcement officers have conferred with representatives of the trademark holders for some of those brands who confirmed that those goods contained within the delivered packages to SHI are counterfeit.

14.     Based on my training and experience, the remaining goods contained in the packages are also counterfeit.[2]

15.     Law enforcement officers conducted surveillance on SHI for approximately twenty minutes.  Law enforcement officers observed SHI drive to a parking lot and stop his vehicle.  There, law enforcement officers approached the defendant and placed him under arrest.

16.     Following his arrest, SHI was advised of and agreed to waive his Miranda rights.  SHI stated in sum and substance, and in part, that he receives packages of counterfeit goods on behalf of other individuals and distributes those goods to individuals around New York.  SHI also stated in sum and substance, and in part, that knew that the goods he received were counterfeit and that he knew that his conduct was illegal.

---

[2] Law enforcement officers are attempting to contact representatives of the remaining brand-name designers to confirm the counterfeit nature of the goods.

WHEREFORE, your deponent respectfully requests that the defendant JIAN

RU SHI be dealt with according to law.

S/ Mark Cozine
_____
MARK COZINE
Special Agent
Homeland Security Investigations

Sworn to me before this
3rd day of May, 2019

S/ Steven Gold
_____
THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK